### Harry Cole v. Bradner Smith & Co.

1. PERSONAL PROPERTY—*when title to, passes.* Whether the title to personal property has vested so as to permit a levy and sale under executions, is to be determined from the evidence and the law, and a mere disclaimer of title by the judgment debtor does not defeat the rights of the judgment creditors.

Action of replevin. Appeal from the City Court of the City of Mattoon; the Hon. LAPSLEY C. HENLY, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

ANDREWS & VAUSE, for appellant.

F. N. HENLEY and W. H. CRUM, for appellee.

Cole v. Bradner Smith & Co.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Bradner Smith & Co., paper makers, shipped a carload of printing paper from Chicago, over the Illinois Central railroad, consigned to themselves at Mattoon, Illinois, and at the same time gave to the agent of the Illinois Central at Mattoon, orders to deliver the contents of the car to different parties in Mattoon and vicinity, including an order to deliver fifty bundles marked " C. N. W." to C. N. Walls, the then editor of the Mattoon Star.

The parties all received their respective consignments except Walls, who claims he never bought and would not receive the paper, which remained in the freighthouse of the railroad company until it was levied upon by Harry Cole, a constable, upon certain executions against Walls. After demand and refusal, Bradner Smith & Co. replevied the paper from Cole, the constable.   Trial before a justice of the peace and upon appeal in the Circuit Court resulted in a judgment in favor of the plaintiff, from which the defendant Cole appeals to this court.

The pivotal question is whether the title to the paper at the time of the levy of the executions was in Walls or Bradner Smith & Co.   If the title had vested in Walls, the judgment should be reversed upon the merits.   If it remained in Bradner Smith & Co., the judgment should be affirmed upon the merits.

At the instance of the plaintiff, the court gave the jury the following instruction :

" The court instructs the jury that the defendant Harry Cole, and the creditors named in the executions carried by said defendant Cole against C. N. Walls, could acquire no greater right, title or interest in the fifty bundles of print paper in question than the execution debtor Walls had or claimed to have therein, and if you believe from the evidence that at the time such executions came into the defendant's hands the said C. N. Walls had or claimed to have no right, title or interest in said paper, then the defendant, Harry Cole, and the execution creditors of said Walls could acquire no interest in same by levying such executions upon said paper, and if you further believe from the evi-

dence that said defendant Cole did so levy such executions upon said paper and took possession of same thereunder, while the plaintiff, Bradner, Smith & Co., were entitled to possession of same, then, in that case, you should find the issues in this case for the plaintiff, provided you further believe from the evidence that plaintiff demanded of said Cole said property before bringing suit therefor."

It is manifest that this instruction is incorrect and misleading. If Walls had title to the paper, his execution creditors should be entitled to levy upon and sell his interest to satisfy their demands. Whether Walls had title does not depend upon his views upon the subject. The question is to be determined by the evidence and the law applicable thereto. This instruction precluded all rights of the judgment creditors upon the mere disclaimer of any interest by Walls. There was no proper foundation laid for the introduction of the so-called Randall letter. For the error of giving the foregoing instruction, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*